UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8286-WM

UNITED STATES OF AMERICA

v.

CARLOS RODRIGUEZ-TOVAR,
a/k/a "Guillermo Rodriguez-Tovar,"

_____/

FILED BY ____SW____ D.C.

May 22, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?   ☐ Yes   ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   ☐ Yes   ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   ☐ Yes   ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   ☐ Yes   ☑ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:   _____/s/ Katie Sadlo_____
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 209-1043
Fax:   (561) 805-9846
Email:   Katie.Sadlo@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CARLOS RODRIGUEZ-TOVAR, | ) | Case No.  25-mj-8286-WM |
| a/k/a "Guillermo Rodriguez-Tovar," | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ____SW____ D.C.
May 22, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  May 20, 2025  in the county of  Palm Beach  in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Re-entry After Deportation or Removal. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Deportation Officer Andy Korzen, ICE
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: May 22, 2025

*Judge's signature*

City and state:  West Palm Beach, FL    William Matthewman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-one years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Carlos RODRIGUEZ-TOVAR, also known as Guillermo RODRIGUEZ-TOVAR, Gabriel RODRIGUEZ, and Juan Manuel BLANCO-ALBARENGA, committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

3. On or about May 20, 2025, Carlos RODRIGUEZ-TOVAR was arrested in Palm Beach County, Florida on charges of possession of crack cocaine and possession and or use of drug paraphernalia. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration records shows that Carlos RODRIGUEZ-TOVAR is a native and citizen of Mexico. Records further show that Carlos

RODRIGUEZ-TOVAR was voluntarily removed from the United States and returned to Mexico on four separate occasions, on or about following dates: July 11, 1997, October 21, 1997, November 12, 1997, and November 15, 1997.

5. Thereafter, Carlos RODRIGUEZ-TOVAR re-entered the United States illegally and on or about April 2, 1999, was ordered removed. The Order of Removal was executed on the same day, that is on or about April 2, 1999, whereby Carlos RODRIGUEZ-TOVAR was removed from the United States and returned to Mexico.

6. Thereafter, Carlos RODRIGUEZ-TOVAR re-entered the United States illegally and was removed and returned to Mexico on five additional separate occasions, on or about following dates: June 7, 2000, September 25, 2001, April 27, 2006, July 11, 2013, and May 24, 2018.

7. Records further show Carlos RODRIGUEZ-TOVAR was convicted of the following felony offenses:

- On or about December 30, 1998, in the Sebastian County Circuit Court for the Fort Smith District, State of Arkansas of possession of marijuana, and possession of cocaine, case number CR-98-604.

- On or about December 17, 1999, in the United States District Court, District of Vermont illegal re-entry of a deported alien, case number 2:99-CR00062-001.

- On or about March 29, 2001, in the United States District Court, Middle District of Florida of illegal reentry of a deported alien, case number 00-CR-00388.

- On or about July 17, 2003, in the United States District Court, Southern District of Florida of illegal re-entry after deportation, case number 03CR80033-001.

- On or about December 8, 2011, in the United States District Court, Southern District of Florida of illegal re-entry into the United States after being deported, case number 11CR80152-001.

- On or about April 7, 2016, in the United States District Court, Southern District of Florida of illegal re-entry, case number 15-80215-CR-KLR.

8. Carlos RODRIGUEZ-TOVAR's fingerprints taken in connection with his May 20, 2025, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that the scanned fingerprints belong to the individual who was previously removed from the United States, that is Carlos RODRIGUEZ-TOVAR.

9. A record check was performed in the Computer Linked Application Informational Management System to determine if Carlos RODRIGUEZ-TOVAR filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Carlos RODRIGUEZ-TOVAR obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

10. Based on the foregoing, I submit that probable cause exists to believe that, on or about May 20, 2025, Carlos RODRIGUEZ-TOVAR, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this  22nd  day of May 2025.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   CARLOS RODRIGUEZ-TOVAR, a/k/a "Guillermo Rodriguez-Tovar,"

**Case No**:   25-mj-8286-WM

Count #: 1

Illegal Re-entry After Deportation or Removal

8 U.S.C. § 1326(a) and (b)(1)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000
* **Special Assessment**: $100

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.